Filed 11/29/23  P. v. Magadan CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE, | D081459 |
| Plaintiff and Respondent, |  |
| v. | (Super. Ct. No. SCN336399) |
| OMAR ALBERTO MAGADAN, |  |
| Defendant and Appellant. |  |

APPEAL from a judgment of the Superior Court of San Diego County, Sim Von Kalinowski, Judge.  Reversed and remanded with directions.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson, Christine Yoon Friedman, and Junichi P. Semitsu, Deputy Attorneys General, for Plaintiff and Respondent.

Omar Alberto Magadan entered a guilty plea to multiple offenses charged against him in three separate cases,[1] including one count of voluntary manslaughter (Pen. Code,[2] § 192, subd. (a)). The trial court sentenced Magadan on all three cases at the same time and entered a single judgment imposing an aggregate term of 19 years and eight months in prison, per the stipulated plea agreement. After the judgment was final, Magadan filed a petition to vacate his voluntary manslaughter conviction and for resentencing under section 1170.95 (now section 1172.6).[3] The court granted the petition, redesignated his voluntary manslaughter conviction to assault with a firearm (§ 245, subd. (b)), and reduced the sentence for that offense from seven years to six years, which remained the principal term. However, the court declined to resentence Magadan in the other two cases, stating "[t]hose cases remain final," and imposed a new aggregate term of 18 years and eight months.

Magadan argues the court erred in not recognizing its discretion to resentence him in the other two cases under the full resentencing rule. He contends the error was not harmless because the court could have reduced

---

[1]   Magadan's unopposed request for judicial notice is granted. We take judicial notice of the court documents from case Nos. SCN335347 and SCN324938 as outlined in Magadan's request and as previously prepared by the Clerk of the San Diego County Superior Court. (Evid. Code, §§ 452, subd. (d), 459.)

[2]   Unless otherwise indicated, all further statutory references are to the Penal Code.

[3]   Magadan brought his petition under former section 1170.95, which was amended effective January 1, 2022, and then renumbered as section 1172.6 without substantive change on June 30, 2022. (See Stats. 2022, ch. 58, § 10, (Assem. Bill No. 200).) We refer to the subject statute by its current number throughout this opinion.

the sentences based on retroactive application of other ameliorative changes in the sentencing laws and the record does not clearly indicate that it would have declined to do so.

The People concede the court had authority to resentence Magadan on all three cases under the full resentencing rule but contend the court properly exercised its discretion in declining to do so. Even if the court failed to recognize its discretion, the People argue the error was harmless. Relying on *In re Rodriguez* (2021) 66 Cal.App.5th 952 (*Rodriguez*), the People assert Magadan was not entitled to the retroactive benefit of other ameliorative changes in the sentencing laws for his two other cases, because the redesignation of his manslaughter conviction and resentencing in that case did not render the other two cases nonfinal for purposes of *Estrada*.[4] Finally, the People contend the record nonetheless suggests the court would not have been inclined to change any of the other sentences.

We conclude that the trial court erred by declining to resentence Magadan on all three cases that formed part of his original aggregate sentence. In these circumstances, a remand for resentencing is appropriate unless the error was harmless. We conclude it was not. *Rodriguez* does not apply here because all three cases were originally sentenced together with a

---

[4]     *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*) [ameliorative changes in sentencing laws are intended to "apply to every case to which it constitutionally could apply," which include "acts committed before its passage provided the judgment convicting the defendant of the act is not final"]; see *People v. Buycks* (2018) 5 Cal.5th 857, 881 (*Buycks*) ["The *Estrada* rule rests on the presumption that, in the absence of a savings clause providing only prospective relief or other clear intention concerning any retroactive effect, 'a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.' "].)

single judgment that was rendered nonfinal for purposes of *Estrada* upon resentencing under section 1172.6.  After redesignation of a conviction under section 1172.6, the statute expressly requires the trial court to "resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence."  (§ 1172.6, subd. (d)(1).)  Therefore, all three cases were subject to retroactive application of ameliorative changes in the sentencing laws that went into effect after the original sentencing.  The record does not clearly indicate the trial court would not have exercised its discretion to impose more lenient sentences under those new laws.  Accordingly, we reverse the judgment and remand the matter for resentencing.  On remand, Magadan will have the opportunity to pursue relief under current law, including any applicable ameliorative changes in the sentencing laws.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Convictions and Original Sentence*

In October 2013, in case No. SCN324938, the San Diego County District Attorney filed a complaint charging Magadan with shooting at an inhabited building (§ 246; count 1), assault with a firearm (§ 245, subd. (a)(2); counts 2, 3, 4, and 8), and assault with a deadly weapon (§ 245, subd. (a)(1); counts 5 through 7).  The complaint (later deemed the information) further alleged that all offenses were committed for the benefit of a gang (§ 186.22, subd. (b)(1)) and, as to counts 1 through 4 and count 8, that Magadan was armed with a handgun (§ 12022, subd. (a)(1)).  The charges were based on a shooting incident that took place in a parking lot in Escondido in September

4

2013.[5]  In May 2014, Magadan pled guilty to and was convicted of one count of assault with a firearm with the gang enhancement.

In September 2014, the San Diego County District Attorney filed a separate complaint in case No. SCN336399, charging Magadan with murder (§ 187, subd. (a); count 1) and attempted murder (§§ 187, subd. (a), 664; counts 2 and 3).  The complaint (later deemed the information) alleged, for all offenses, that Magadan committed them for the benefit of a gang (§ 186.22, subd. (b)(1)), that he was vicariously liable for the discharge of a firearm causing injury or death (§ 12022.53, subds. (d) & (e)(1)), and that he was out on bail pending final judgment on an earlier felony offense at the time of the offenses (§ 12022.1, subd. (b)).  The information further alleged that Magadan had two serious felony prior convictions (§§ 667, subd. (a)(1), 668, and 1192.7, subd. (c)) as well as two prior strike convictions (§§ 667, subd. (b) through (i), 668, and 1170.12) related to case No. SCN3248938.  These charges were based on a shooting incident outside a grocery store in Escondido in July 2014.

Finally, in October 2014, the San Diego County District Attorney filed a complaint in case No. SCN 335347, and later filed an amended information in August 2016, charging Magadan with assault likely to produce great bodily injury (§ 245, subd. (a)(4)).  That information further alleged that Magadan committed the offense for the benefit of a gang (§ 186.22, subd. (b)(1)) and that he was out on bail pending final judgment on an earlier felony offense at the time of the offense (§ 12022.1, subd. (b)).  The information further alleged that Magadan had two serious felony prior convictions (§§ 667, subd. (a)(1),

---

[5]     The underlying facts are not relevant to the issues on appeal except to show that the charges in each of the cases were based on separate and independent incidents for purposes of imposing consecutive sentences.  (See California Rules of Court, rule 4.425.)

668, and 1192.7, subd. (c)) as well as two prior strike convictions (§§ 667, subd. (b) through (i), 668, and 1170.12) related to case No. SCN3248938. These charges were based on a shooting incident at an intersection in Escondido in April 2014.

In August 2016, Magadan entered a combined guilty plea encompassing all three cases. In case No. SCN324938, the court acknowledged that he already pled guilty but had not yet been sentenced, and that the stipulated sentence was for two years and eight months. In case No. SCN336399, Magadan pled guilty to voluntary manslaughter and admitted the gang and vicarious use of a firearm enhancements, as well as the serious felony prior and a strike prior, for a stipulated sentence of seven years. In case number SCN335347, he pled guilty to assault likely to produce great bodily injury and admitted the gang and out-on-bail enhancements as well as the serious felony prior and a strike prior, for a stipulated sentence of five years. With an additional five years for the serious felony prior, the court confirmed the total term of the stipulated sentence would be 19 years and eight months. The People dismissed the balance of the charges in case Nos. SCN335347 and SN336399.

In September 2016, the court sentenced Magadan on all three cases at the same time according to the stipulated plea agreement, imposing a total aggregate consecutive sentence of 19 years and eight months. This included a principal term of six years for voluntary manslaughter plus one year for the firearm enhancement (SCN336399),[6] one year for assault with a firearm plus one year and eight months for the gang enhancement (SCN324938), and two years for assault likely to produce great bodily injury plus one year for the

---

[6] The court imposed the gang enhancement but struck that punishment under section 1385.

gang enhancement and two years for the out-on-bail enhancement (SCN335347). The court added five years for the serious felony prior to case No. SCN335347 only. The court entered a single judgment encompassing all three cases in October 2016.

B. *Redesignation and Resentencing Under Section 1172.6*

In April 2022, Magadan filed a petition under section 1172.6 to have the voluntary manslaughter conviction in case No. SCN336399 vacated and for resentencing. After the court found that Magadan made a prima facie showing, the People waived the evidentiary hearing and stipulated to vacating the manslaughter conviction and redesignating the offense to assault with a semiautomatic firearm. In response, Magadan argued that at resentencing, the court should consider ameliorative changes in the sentencing laws that did not exist at the time of his original sentence to reduce the sentences in all three cases. Specifically, he asked the court to consider striking the punishments for the strike prior and serious felony prior, as well as the sentencing enhancements imposed for the various allegations, pursuant to section 1385 as amended by Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1013, § 1) (Sen. Bill No. 1393) and Senate Bill No. 81 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) (Sen. Bill No. 81).

At the resentencing hearing, the trial court redesignated the manslaughter conviction to assault with a semiautomatic firearm (§ 245, subd. (b)) and chose the low term of three years for case No. SCN336399.

The court denied Magadan's *Romero*[7] motion to strike the strike prior under section 1385. In doing so, the court quoted *People v. McGlothin* (1998) 67 Cal.App.4th 468, 474 (*McGlothin*), noting that " '[t]he striking of a prior

---

[7]    *People v. Superior Court* (1996) 13 Cal.4th 497 (*Romero*).

serious felony conviction is not a routine matter. It is an extraordinary exercise of discretion and it's very much like setting aside a judgment of conviction after trial.' " The court considered that the subject offense was violent, it was extremely serious in that three people were shot and one was killed, and it was close in time and of the same nature as the prior strike (assault with a firearm in case No. SCN327938). The court also noted Magadan's failure to cooperate with the police, the increasing severity of his crimes, and his significant history of violence. The court concluded Magadan did not fall outside the spirit of the three-strike scheme. Therefore, the court doubled the three-year low term to six years for case No. SCN336399, which remained the principal term.

Because arming is an element of assault with a semiautomatic firearm, the court dismissed the firearm enhancement as to case No. SCN336399. The court also struck the gang enhancement under Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 699, § 4), which imposed stricter requirements than previously required at the time of Magadan's plea.

The court then addressed resentencing in the other two cases, stating "the defendant has suggested that the Court evaluate the sentences for the other cases that were sentenced consecutively with this case, that would include SCN335347 and 324938, but the Court expressly declines to do so. It is only resentencing as to the subject case per 1170—1172.6. Those cases remain final."

After reducing Magadan's sentence in case No. SCN336399 to six years, the court announced the new aggregate term of 18 years and eight months. The court entered judgment on November 21, 2022.

Magadan timely appealed.

8

DISCUSSION

A.   *The Trial Court Erred by Declining to Fully Resentence Magadan on All Three Cases*

Magadan first contends the trial court erred in failing to recognize it had the discretion to resentence him in case Nos. SCN335347 and SCN324938 in conjunction with resentencing in case No. SCN366399.  The People concede that the court had discretion to resentence Magadan in all three cases under the full resentencing rule, but contend the court properly exercised its discretion in declining to do so.  (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425 [full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant].)  We conclude that the trial court was required to resentence Magadan on all three cases.

Under the full resentencing rule, when part of a sentence is stricken, the trial court must conduct a full resentencing as to all other parts so that it can exercise its sentencing discretion in light of changed circumstances. (*Buycks, supra,* 5 Cal.5th at p. 893.)  This rule is mandatory:  "By correcting one part of the sentence, the trial court is resentencing the defendant and, in so doing, is not only permitted, *but also obligated* to look at the facts and the law in effect at the time of that resentencing, including ' "any pertinent circumstances which have arisen since the prior sentence was imposed' and whether they render a different part of the sentence legally incorrect." ' " (*People v. Walker* (2021) 67 Cal.App.5th 198, 205, italics added.)  Although the court is not required to impose a lower sentence on resentencing, it must still resentence on all counts taking into account current law and circumstances.

The People concede that the full resentencing rule applies here.  Thus, the trial court did not have discretion to refuse to resentence Magadan on all

9

counts after it vacated the voluntary manslaughter conviction and resentenced him on the newly designated assault count. The court was required to conduct a full resentencing on all counts that formed part of his original aggregate sentence. Accordingly, the court erred by declining to resentence Magadan on the other two cases that were part of his original aggregate sentence.

B. *The Record Does Not Clearly Indicate that the Trial Court Would Have Reached the Same Conclusion if It Had Understood Its Obligation to Exercise its Sentencing Discretion*

Under these circumstances, where the record reflects that the trial court did not understand its obligation to fully resentence Magadan and exercise its sentencing discretion anew as to all three cases, remand for resentencing is appropriate "unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; *People v. Ochoa* (2020) 53 Cal.App.5th 841, 853 [remand for resentencing appropriate where record was "at the very least ambiguous as to whether the court understood" its sentencing discretion]; see *People v. Lua* (2017) 10 Cal.App.5th 1004, 1021 [remanding for resentencing where some of the trial court's comments raised serious doubts that the court understood its discretion and the record was therefore "ambiguous" on the issue].) We conclude that there is no such clear indication in the record here.

The People acknowledge that since the guilty plea and original sentencing, there have been ameliorative changes in the sentencing laws that could have been applied on resentencing to reduce the sentences in the other two cases. For example, Senate Bill No. 1393, effective January 1, 2019, amended section 667, subdivision (a) and section 1385, subdivision (b) to give

courts discretion to dismiss or strike prior serious felony convictions. Additionally, Senate Bill No. 81, effective January 1, 2022, amended section 1385, subdivision (c), which now provides that "the court shall dismiss an enhancement if it is in the furtherance of justice to do so."[8] (§ 1385, subd. (c)(1).)  The court imposed a five-year serious felony enhancement in one of the other two cases (case No. SCN335347) and it imposed other enhancements in both of them (case Nos. SCN335347 and SCN324938). Nothing in the record clearly indicates that if the trial court had resentenced Magadan on these two cases, it would not have imposed a reduced sentence under these ameliorative changes to the sentencing laws.

In addition to the full resentencing rule, section 1172.6 itself states that a defendant who succeeds on a resentencing petition is entitled to vacatur of the murder or manslaughter conviction "and to recall [of] the sentence and resentenc[ing] . . . *on any remaining counts in the same manner as if the petitioner had not previously been sentenced*, provided that the new sentence, if any, is not greater than the initial sentence."  (§ 1172.6, subd. (d)(1), italics added; see also *id.*, subd. (a) [petitioner "may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts . . ."].)  Because the court vacated Magadan's manslaughter conviction and resentenced him on that offense, section 1172.6 by its terms required a recall of the sentence and resentencing on the remaining counts under current law.  The judgment that imposed the original aggregate sentence therefore became nonfinal for retroactivity purposes.  (See *People v. Padilla* (2022) 13 Cal.5th 152, 161–162 [retroactive ameliorative sentencing laws apply in all cases in which there is no final

---

8    Magadan sought relief under these amendments below.

judgment or a judgment rendered nonfinal]; *People v. Keel* (2022) 84 Cal.App.5th 546, 564–565 [defendant's judgment no longer final once court granted section 1172.6 petition for resentencing; defendant therefore entitled to retroactive application of other ameliorative sentencing laws].)

The People cite *Rodriguez* to support their assertion that resentencing in case No. SCN366399 and the announcement of a new aggregate sentence "did not reopen the prior judgments in the other cases or render them nonfinal for purposes of the *Estrada* rule." We find *Rodriguez* to be distinguishable.

In *Rodriguez*, the defendant was sentenced to an aggregate term of 14 years and eight months as a result of two separate jury trials and judgments of conviction. (*Rodriguez, supra*, 66 Cal.App.5th at p. 956.) In the first proceeding, Rodriguez was convicted of multiple felonies and sentenced to a term of 13 years and four months. This sentence included a one-year enhancement under former section 667.5, subdivision (b). This judgment was affirmed on appeal. (*Rodriguez*, at p. 958.)

In the second proceeding, Rodriguez was convicted of several additional felonies and several dozen misdemeanors. The trial court imposed a determinate term to run consecutively with the remaining term of Rodriguez's prior sentence from the first proceeding. On appeal, the court reversed in part and remanded for resentencing. At resentencing, the trial court again imposed a consecutive term and, as required by section 1170.1, subdivision (a), announced a single aggregate term of 14 years and eight months for the two proceedings. This sentence included the one-year enhancement imposed in the first proceeding. The Court of Appeal affirmed this judgment and the Supreme Court denied review. (*Rodriguez, supra*, 66 Cal.App.5th at p. 958.)

While Rodriguez's appeal of the judgment imposing the aggregate term of 14 years and eight months was pending, the Legislature amended section 667.5 to limit its application to certain situations that did not apply to Rodriguez. He filed a petition for writ of habeas corpus, contending he should benefit from the retroactive effect of the amended statute. (*Rodriguez*, *supra*, 66 Cal.App.5th at p. 958.) The trial court denied his petition, reasoning that the judgment in the first proceeding, in which the enhancement was imposed, was final before the amendment took effect. (*Id.* at pp. 958–959.)

Rodriguez subsequently filed a petition for writ of habeas corpus with the Court of Appeal, which issued an order to show cause and ultimately denied the petition. (*Rodriguez*, *supra*, 66 Cal.App.5th at pp. 959, 964.) The Court of Appeal concluded the amendment to section 667.5 did not apply retroactively to eliminate the enhancement imposed on Rodriguez in the first proceeding because "[t]he judgment in the first proceeding was final before the amendment took effect. While the trial court in the second proceeding used the first judgment to calculate the aggregate term of imprisonment covering both proceedings, the first judgment itself was unaffected. It remained final, and the amendment to section 667.5 does not apply retroactively to it." (*Id.* at p. 957.)

The court reasoned that the announcement of an aggregate term under section 1170.1 "does not resentence the defendant in the generally understood manner, with authority to modify every aspect of the sentence." (*Rodriguez*, *supra*, 66 Cal.App.5th at p. 960.) "If the announcement of an aggregate term of imprisonment under section 1170.1 required the application of ameliorative statutes to otherwise-final judgments, a defendant would be incentivized to commit a new crime and obtain a potentially lower aggregate sentence." (*Id.* at p. 962.) Rodriguez's judgment in the first

13

proceeding was final and in the absence of the second proceeding, which arose because he committed additional crimes, he would not be entitled to the benefit of the amendment to section 667.5. (*Rodriguez*, at p. 957.) The announcement of a new aggregate term encompassing both proceedings, as required by section 1170.1, did not affect the finality of the judgment in the first proceeding. (*Rodriguez*, at pp. 957, 960.)

The People here contend that "[l]ike the first proceeding in *Rodriguez*, the judgments in [Magadan's] two separate cases became final before any [potentially applicable] ameliorative change in the law" and "the announcement of the new aggregate sentence did not reopen the prior judgments in the other cases or render them nonfinal for purposes of the *Estrada* rule." Unlike in *Rodriguez*, however, there were no separate judgments in Magadan's other two cases. Instead, Magadan was sentenced on all three cases at the same time, and the sentences for all three cases were entered in a single judgment. (See *People v. McKenzie* (2018) 25 Cal.App.5th 1207, 1213 ["In a criminal case, the *sentence* is the judgment."]; *People v. Wilcox* (2013) 217 Cal.App.4th 618, 625 [" 'A "sentence" is the judgment in a criminal action [citations]; it is the declaration to the defendant of his disposition or punishment once his criminal guilt has been ascertained.' "].) Additionally, this judgment is not being reopened by the imposition of an aggregate sentence due to a new conviction of a new crime. Rather, it was rendered nonfinal by the resentencing of the manslaughter conviction under section 1172.6, which expressly requires resentencing on "any remaining counts." (§ 1172.6, subd. (d)(1).)

We therefore conclude that *Rodriguez* does not apply here. The judgment that encompassed the initial sentence for all three cases was rendered nonfinal when the court vacated Magadan's manslaughter

14

conviction and resentenced him on that offense in case No. SCN366399. The other two cases were included within the original judgment and were therefore subject to retroactive application of ameliorative changes in the sentencing laws.

The People further argue the court's comments in denying the *Romero* motion in case No. SCN366399 indicate that it would not have been inclined to change any sentencing decisions in the other two cases. As the trial court emphasized, however, the striking of a strike prior is an " 'extraordinary exercise of discretion and it's very much like setting aside a judgment of conviction after trial.' " (Quoting *McGlothin*, *supra*, 67 Cal.App.4th at p. 474.) The court's refusal to exercise such an "extraordinary" power is not a "clear indication" that it would not have dismissed or struck other enhancements under other new sentencing provisions not requiring extraordinary circumstances. (See *People v. Johnson* (2019) 32 Cal.App.5th 26, 69 [remanding for resentencing to permit trial court to exercise discretion to strike enhancements despite its refusal to dismiss strikes at original sentencing]; *People v. McDaniels* (2018) 22 Cal.App.5th 420, 427 [remand necessary unless "the record contains a clear indication that the court will not exercise its discretion in the defendant's favor"].) We also note that the trial court imposed the low term for the redesignated assault count, suggesting that it did not believe the aggravating circumstances outweighed the mitigating circumstances. (§ 1170, subd. (b)(2).)

As the Supreme Court has recently warned: "When the applicable law governing the defendant's sentence has substantively changed after sentencing, it is almost always speculative for a reviewing court to say what the sentencing court would have done if it had known the scope of its discretionary powers at the time of sentencing. Mere reliance on the length

15

of the original sentence and attendant decisions, such as imposing consecutive sentences, imposing middle or upper term sentences, or declining to strike enhancements, is not sufficient to provide a clear indication of what a sentencing court might do on remand if it had been fully aware of the scope of its discretionary powers." (*People v. Salazar* (Nov. 20, 2023, No. S275788) 2023 WL 8011341, at *9.)

We therefore conclude that a remand is necessary for the court to resentence Magadan on all three cases that formed part of his guilty plea and aggregate sentence.

C. *The People May Not Withdraw From the Plea if the Trial Court Further Reduces Magadan's Sentence on Resentencing*

We also disagree with the People that if the court decides to exercise its discretion to further reduce Magadan's sentence on remand, they are entitled to withdraw their assent to the plea. The People cite *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*) in support of this contention. In *Stamps*, the Supreme Court addressed resentencing under Senate Bill No. 1393's amendment of section 1385. The Court concluded that although the defendant was entitled to seek resentencing under section 1385, he would do so with the understanding that, should the trial court exercise its discretion to reduce his sentence by striking his serious felony enhancement, the People would be permitted to rescind the plea agreement. (*Id.* at pp. 707–708.) In concluding that the defendant could not obtain relief under section 1385 while still retaining the benefits of his plea bargain, the Court relied heavily on the fact that Senate Bill 1393 and its legislative history were silent regarding pleas and provided no express mechanism for relief. (*Id.* at p. 704.)

The Supreme Court in *Stamps* distinguished its prior decision in *Harris v. Superior Court* (2016) 1 Cal.5th 984 (*Harris*), which reached a

16

different conclusion based on the language in a different statute. There, the Court addressed resentencing under Proposition 47, which reduced certain felonies to misdemeanors and added section 1170.18 to the Penal Code. (*Harris,* at p. 989.) Section 1170.18 permits a person who, as of the effective date of the statute "was serving a sentence for a conviction, *whether by trial or plea*, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense" to petition for a recall of the sentence and to be resentenced. (§ 1170.18, subd. (a), italics added.) The Court reasoned that "[t]he italicized language makes it clear that the provision applies to someone like defendant who was convicted by plea. . . . By expressly mentioning convictions by plea, Proposition 47 contemplated relief to all eligible defendants." (*Harris*, at p. 991.) "The electorate may bind the People to a unilateral change in a sentence without affording them the option to rescind the plea agreement. The electorate did so when it enacted Proposition 47." (*Id.* at p. 992.) Therefore, the People were not entitled to set aside the plea agreement when the defendant sought resentencing under Proposition 47. (*Harris,* at p. 993.)

*Harris* is factually more similar to this case than *Stamps*. Like the language at issue in Proposition 47, section 1172.6 expressly mentions convictions by plea. It applies to a defendant who "was convicted of murder, attempted murder, or manslaughter following a trial *or accepted a plea offer* in lieu of a trial at which the petitioner would have been convicted of murder or attempted murder." (§ 1172.6, subd. (a)(2), italics added.) "[E]ntering into a plea agreement does not insulate the parties 'from changes in the law that *the Legislature has intended to apply to them.*' " (*Harris, supra*, 1 Cal.5th at p. 991.) It is clear the Legislature intended section 1172.6 to apply to plea

17

agreements, and the statute also expressly requires resentencing "in the same manner as if the petitioner had not previously been sentenced," provided that the new sentence is "not greater than the initial sentence." (§ 1172.6, subd. (d)(1).)  As in *Harris*, the "resentencing process" established by section 1172.6 "would often prove meaningless if the prosecution could respond to a successful resentencing petition by withdrawing from an underlying plea agreement and reinstating the original charges filed against the petitioner."  (*Harris*, at p. 992.)  We therefore conclude that, should the trial court choose to exercise its discretion to further reduce Magadan's sentence on remand as permitted under section 1172.6, the People are not entitled to withdraw from the plea agreement.

DISPOSITION

The judgment is reversed and the matter is remanded for full resentencing on all three cases under current sentencing laws.

BUCHANAN, J.

WE CONCUR:

O'ROURKE, Acting P. J.

KELETY, J.

18